# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,                                    Criminal No. 12-243 PJS/AJB

          Plaintiff,

v.                                                           **REPORT AND RECOMMENDATION**

(2)    Claudia Carolina Ortiz,
(3)    Eduwiges Raquel Torres,
(4)    Humberto Alvarez-Deleon,
(5)    Crisostomo Valle-Solares,

          Defendants.

        Richard A. Newberry, Jr., Esq., Assistant United States Attorney, for the plaintiff,
            United States of America;
        Jean M. Brandl, Esq., for defendant Claudia Carolina Ortiz;
        Andrew S. Garvis, Esq., for defendant Eduwiges Raquel Torres;
        Terry L. Hegna, Esq., for defendant Humberto Alvarez-Deleon; and
        Lee R. Johnson, Esq., for defendant Crisostomo Valle-Solares.

This action came on for hearing before the Court, Chief Magistrate Judge Arthur J. Boylan, on November 5, 2012, at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415. The Court issued an Order on Motions dated November 6, 2012, therein reserving defendants' motions to suppress search and seizure evidence and motions to suppress statements, as well as motions for severance, for submission to the district court on report and recommendation.

Based upon the file and documents contained therein, along with the memorandums and arguments of counsel, the magistrate judge makes the following:

**FINDINGS**

Travis Hamblen is a U.S. Department of Homeland Security Special Agent involved in narcotics investigations. Special Agent Hamblen received information on September

12, 2012, indicating that a person identified as Crisostomo Valle-Solares, a defendant in this matter, was engaged in the transportation of a large quantity of drugs and was presently staying at the America's Best Value Inn at 6000 Lakeland Ave. in Crystal, Minnesota. The agent was further informed that a truck with Colorado license plates was involved in the drug transport, and it was determined that Mr. Valle-Solares was a Mexican citizen who had previously been deported and was barred from re-entry into the United States.

At approximately 6:00 p.m. on September 13, 2012, Special Agent Hamblen went to the address that had been provided. He verified that the America's Best Value Inn was at that location, and he observed a truck with Colorado plates in the hotel parking lot. Special Agent Hamblen parked out of direct sight and was speaking by radio with another agent who had arrived approximately 20 minutes earlier in an unmarked vehicle. This agent advised Hamblen that two men and two women were just leaving the hotel and were getting into the truck, a four-door Ford F-150 pickup. The agents were not previously aware that the subjects were about to leave the hotel and no specific plan for their apprehension had been formulated. Agent Hamblen immediately drove to the location of the truck and then approached the driver's side of the vehicle on foot. He was wearing attire with police markings. Defendant Claudia Ortiz was seated in the driver's seat. The agent identified himself, asked the driver for identification, and stated that he would like to talk with her. At that moment Special Agent Hamblen was the only law enforcement officer at the vehicle and within a few seconds after approaching he observed the front seat passenger, defendant Eduwiges Raquel Torres, take a plastic bag from the center console area and shove what the agent strongly suspected to be a small package of drugs into her bra. Ms. Torres is approximately 65 years of age, a somewhat unusual drug bust circumstance in

2

the experience of Special Agent Hamblen. The agent also observed the two male back seat occupants appear to be reaching into their clothing and waistbands. Concerned for his safety, Hamblen drew his weapon and told everyone in the truck to show their hands.

Meanwhile, four other agents arrived at the scene. At some point in time there were eight Homeland Security agents and two or three local law enforcement officers at the motel. Hamblen instructed a female officer, Special Agent Gleason, to secure defendant Torres and retrieve the suspected drugs from her bra. Special Agent Gleason removed Ms. Torres from the vehicle and conducted a search of her person. The agent found a bag containing approximately one ounce of methamphetamine. Upon discovery of the drugs on her person, Ms. Torres was arrested and placed in handcuffs. She spoke only Spanish and the <u>Miranda</u> rights advisory was read to her from a written form which stated the rights in Spanish (Hrg. Ex. 1). Ms. Torres signed the form, certifying that she had been given the warning and waiver of rights in Spanish by Special Agent Jeff Benadum.

Special Agent Hamblen spoke with the driver, defendant Ortiz, at the curb in front of the vehicle. Ms. Ortiz showed the agent a Michigan driver's license. She was advised that was not under arrest but was not free to leave, pending determinations yet to be made. She was not placed in handcuffs. Ms. Ortiz indicated that she understood the agent as he was speaking with her. No threats or promises were made to induce her cooperation, she made no request for the assistance of a lawyer and stated no preference to remain silent, and she was not denied any physical needs such as food or drink. Approximately one hour after the initial meeting Ms. Ortiz asked to use the restroom and was permitted to do so.

In her discussions with Special Agent Hamblen, Ms. Ortiz stated that her husband

3

had forced her to transport methamphetamine from California to Minnesota. She told the agent that 11 pounds of methamphetamine, referenced as "ice," had been delivered to a house in Big Lake, Minnesota, and she knew where the drugs were located inside the house. Special Agent Hamblen, Special Agent Mike Peterson, and defendant Ortiz drove to a trailer home in Big Lake as directed by the defendant, and after the delivery location was confirmed, they returned to the hotel. Ms. Ortiz had been placed in handcuffs for the trip to Big Lake and was told she was under arrest when she was put in the car. Special Agent Peterson read her the <u>Miranda</u> rights from a card while they were en route.

Defendant Crisostomo Valle-Solares was one of the backseat passengers in the truck and he was immediately placed under arrest by Agent John Minnick upon being identified at the America's Best Value Inn. He was searched at the scene and a meth pipe was recovered from his person. Special Agent Hamblen subsequently returned to the trailer house in Big Lake, and further investigation led to the seizure of approximately 13 pounds of methamphetamine.[1] A co-defendant in this action, Gilberto Ortiz-Benitez was at the trailer home, and he stated to agents that the other defendants had brought the drugs to that location on the previous day.

Based upon the foregoing Findings, the magistrate judge makes the following:

**CONCLUSIONS**

<u>Severance</u>

Severance of defendants is not required in this matter. Defendants Humberto

---

[1] The seizure of the methamphetamine at the Big Lake, Minnesota, trailer home has not been challenged on motion to suppress. A complaint in this matter states that co-defendant Ortiz-Benitez willingly produced the drugs and there is no direct indication in the complaint that any search was conducted pursuant to consent, warrant or otherwise.

4

Alvarez-Deleon and Crisostomo Valle-Solares have moved for severance of defendants in this case. Fed. R. Crim. P. 8(a) permits joinder of offenses in the same indictment if the offenses are of the same or similar character or are based on the same act or transaction or are based on acts connected together or constituting parts of a common scheme or plan. The propriety of joinder under Rule 8(a) is a question of law, though relief from a legally permissible joinder may be obtained as an exercise of discretion on motion for severance due to prejudice, pursuant to Fed. R. Crim. P. 14. United States v. Rodgers, 732 F.2d 625, 628-29 (8th Cir. 1984). Availability of the Rule 14 remedy permits broad construction of Rule 8 in favor of initial joinder. Id. at 629. With respect to joinder of defendants in this instance, it has not been shown that severance of co-defendants is necessary to avoid risk of compromising any specific trial right to which each of them is entitled or is necessary to prevent the jury from making an unreliable judgment as to the guilt or innocence of each of them.

The individual co-defendants in this matter have been indicted in a one-count indictment on a charge of conspiring with one another to distribute methamphetamine. Two or more defendants may be charged in the same indictment if they are alleged to have participated in the same transaction or series of incidents constituting an offense or offenses. Fed. R. Crim. P. 8(b). "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). Typically, persons charged with conspiracy should be tried together and it will rarely be improper for co-conspirators to be tried together. United States v. Kindle, 925 F.2d 272, 277 (8th Cir. 1991); United States v. Stephenson, 924 F.2d 753, 761 (8th Cir. 1991). Nonetheless, the court may grant a severance of defendants if it appears that a defendant is prejudiced by a joinder at trial.

Fed. R. Crim. P. 14. A court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539.

It has been generally asserted that severance is necessary to avoid prejudice resulting from the introduction of evidence against one of them that would be inadmissible against the other in a separate trial. Improper joinder and difficulty for the jury in distinguishing between the alleged acts of the defendants is also asserted. Neither moving defendant describes grounds for severance with any factual particularity.

The defendants in this case were properly joined under Rule 8 and there is no requirement for severance based upon misjoinder. Rule 14 severance is a remedy for prejudice that may develop during trial, and the decision on a Rule 14 motion for severance lies within the sound discretion of the trial court. United States v. Robaina, 39 F.3d 858, 861 (8th Cir. 1994). The record, including testimony produced at hearing, offers no compelling indication as to how any defendant is prejudiced by joinder with other the defendants in this case, particularly to the extent necessary to overcome the preference for joinder of defendants in conspiracy cases. Specifically, it is not patently apparent that a jury would be unable to distinguish and apply the evidence relating to one defendant from evidence relating to another defendant, and there has not been persuasive particularized showing that a joined trial will prevent introduction of exculpatory evidence or will allow introduction of otherwise inadmissible evidence with respect to any defendant. Joinder of defendants in this case was not improper and severance is not required in light of the current record. See United States v. Wadena, 152 F.3d 831, 847-50 (8th Cir. 1998). The court further concludes that with the assistance of instructions from the trial

6

court the jury will be fully able to distinguish the acts of each defendant from the acts of other defendants so as to avoid prejudice in that regard. Severance is a remedy that can be provided at the time of trial if appropriate under the circumstances. At present, there has been no showing to support a recommendation for severance of defendants.

**Search and Seizure**

    **Eduwiges Raquel Torres.** Suppression of evidence obtained as a result of a search of the person of defendant Eduwiges Raquel Torres' on September 13, 2012, is not required. Probable cause justifying the defendant's arrest and a search incident to arrest existed under circumstances in which agents had received information that persons staying at the America's Best Value Inn, and using a truck with Colorado plates, were engaged in transporting drugs; the truck was located at the identified hotel; and an agent observed the defendant taking a substance wrapped in a plastic bag from the center console of the truck and concealing the package in her bra. United States v. Sanders, 631 F.2d 1309 (8th Cir. 1980). "[O]nce the investigation provided probable cause to believe that the agents were observing the commission of a crime, they were not required to ignore the activity and seek a search warrant." Id. at 1314. Furthermore, based upon the informant's tip that drugs were being transported in a Colorado licensed truck located at the Best Value Inn, along with the direct observation of defendant Torres' effort to conceal the bag in her clothing, the agent reasonably inferred that the bag contained contraband without the necessity of examining the contents of the package. Id. at 1314-15. Defendant Torres was lawfully detained and the contraband was properly seized by Officer Gleason.

Defendant Torres' formal arrest[2] was based upon evidence sufficient to establish probable cause that she had committed a criminal offense. The seizure of her person was therefore lawful, and any further search and seizure of evidence from her person was lawfully conducted as an incident to the arrest. See United States v. Goodwin-Bey, 584 F.3d 1117, 1119-20 (8th Cir. 2009). In addition, the vehicle in which the defendant was located was not stopped as a result of police actions.[3] Consequently, there is no clear basis to challenge the arrest on grounds that there was an unlawful vehicle stop. The defendant's age is of no consequence with respect to reasonable suspicion by agents or probable cause for the arrest. Suppression of the arrest and evidence obtained at the arrest scene is not required.

**Crisostomo Valle-Solares.** Defendant Valle-Solares was lawfully arrested and his person seized on charges of illegal re-entry after deportation. Subsequent search of the person was lawfully conducted and evidence obtained in the search was properly seized incident to the arrest. Mr. Valle-Solares has moved to suppress statements, but the record before the court does not suggest that this defendant was questioned by agents or that he made statements to law enforcement agents that would be subject to a suppression motion.

---

[2] Special Agent Hamblen testified that defendant Torres was not handcuffed until the drug package was removed from her person and that she was in custody because the drugs had been recovered from her person (Hrg. Tr. 30-31). Though she may not have been formally arrested until that time, probable cause for arrest existed when the agent observed Ms. Torres attempting to conceal the bag.

[3] The complaint and witness testimony indicate that the defendants occupied the vehicle when it was approached by the agent, but there is no evidence in the record that the truck had been moving or was stopped at the direction of a law enforcement officer. In any event, there was reasonable suspicion to justify such a stop in light of the informant report and verified information regarding the truck and the location of the hotel. Alabama v. White, 496 U.S. 325, 332 (1990).

**Statements**

**Eduwiges Raquel Torres.** Statements that may have been made by defendant Torres' to law enforcement officers subsequent to her arrest on September 13, 2012,[4] were not unlawfully obtained and suppression is not required. Defendant was properly searched, and she was lawfully arrested based upon her possession of a controlled substance found on her person. She was given her constitutional rights in Spanish, pursuant to a written advice of rights (Hrg. Ex. 1), and she acknowledged and voluntarily waived those rights. Ms. Torres was not subjected to threats, coercion, or promises by agents present at the scene. Suppression of statements that may have been made by defendant Eduwiges Raquel Torres is not required.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

**RECOMMENDATION**

It is hereby recommended that:

1. Defendant Eduwiges Raquel Torres' Motion to Suppress Evidence Obtained as a Result of Illegal Arrest be **denied** [Docket No. 40];

2. Defendant Eduwiges Raquel Torres' Motion to Suppress Statements, Admissions, and Answers be **denied** [Docket No. 41];

3. Defendant Crisostomo Valle-Solares' Motion to Sever Defendants be **denied** [Docket No. 58];

---

[4] The record does not indicate the substance of any statements to agents or significant contact between Ms. Torres and law enforcement immediately prior to her arrest, and the present record does not establish that Ms. Torres was questioned or made statements after she was given the Miranda warning.

9

4. Defendant Crisostomo Valle-Solares' Motion to Suppress Statements and Evidence be **denied** [Docket No. 59]; and

5. Defendant Humberto Alvarez-Deleon's Motion for Severance be **denied** [Docket No. 74].


Dated:   November 20, 2012

      s/Arthur J. Boylan
Arthur J. Boylan
United States Chief Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before December 4, 2012.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.